UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DWAYNE SINGLETON,
                        Plaintiff,

-v-

CITY OF NEW YORK, *et al.*,
                        Defendants.

21-CV-489 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Dwayne Singleton ("Singleton") filed this case on January 21, 2021, against Defendants the City of New York, Joel Torres, and John or Jane Doe 1-10, individually and officially in their capacities as New York City police officers (collectively, "Defendants"), seeking relief under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988. (ECF No. 7 ("Compl.").) Presently before the Court is Defendants' unopposed motion for summary judgment. (ECF No. 31.)

## I. Background

### A. Factual Background

Singleton alleges that on May 10, 2019, police officers illegally targeted him through adverse police action on account of his race, religion, national origin, ethnicity, or other improper characteristics. (Compl. ¶ 22.) Specifically, Singleton alleges that police officers violently tackled him to the ground without justification and thereafter unlawfully searched and arrested him. (Compl. ¶¶ 26-27, 30.) Singleton was transported to Harlem Hospital and was treated for bruises and cuts to his body that he sustained from the police conduct. (Compl. ¶ 32.) He had bail set at his arraignment and was incarcerated for five days until May 16, 2019, and his criminal charges were ultimately dismissed on August 16, 2019. (Compl. ¶¶ 36-37, 40.)

1

Singleton brought this action against Defendants alleging claims related to his arrest on May 10, 2019.

Separately, and as relevant here, on November 26, 2019, Singleton filed a claim with the Office of the New York City Comptroller ("the Comptroller") under claim number 2019PI031682 in which Singleton asserted claims of assault, battery, negligence, and gross negligence related to a different incident that occurred on October 22, 2019. (ECF No. 32-1). On February 12, 2020, Singleton executed a General Release to resolve that claim. (ECF No. 33 ("Rule 56.1 Statement") ¶¶ 1-3.)

### B. Procedural Background

On October 19, 2022, the parties jointly proposed a briefing schedule regarding Defendants' then-anticipated motion for summary judgment, which this Court adopted. (ECF Nos. 28, 29.) On October 26, 2022, in accordance with the briefing schedule, Defendants filed a motion for summary judgment. (ECF No. 31.) The deadline for Singleton to file an opposition to Defendants' Motion for Summary Judgment was November 9, 2022. (ECF No. 28.) Singleton failed to respond by the deadline for opposing the summary judgment motion. Defendants have therefore asked this Court to deem their summary judgment motion unopposed. (ECF No. 35.)

## II. Legal Standard

A movant is entitled to summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010). "The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). "In determining whether summary judgment is appropriate, the Court will construe the facts in the light most

favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks and citation omitted).

Where, as here, a party has not opposed a motion for summary judgment, "the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014). Accordingly, the court must review the record to "determine whether the legal theory of the motion is sound." *Id.*

### III.  Discussion

Having conducted an independent review of the record, the Court concludes that the motion for summary judgment should be granted. Pursuant to Local Civil Rule 56.1 of the United States District Courts for the Southern and Eastern Districts of New York, City Defendants submitted a statement of facts as to which they contend there is no genuine dispute. (ECF No. 33.) These facts are deemed admitted and they establish a lack of a genuine dispute of material fact.

In the action before the Court, Singleton alleges claims related to his arrest on May 10, 2019.  (ECF No. 7.)  On February 12, 2020, Plaintiff executed a General Release as part of a settlement with the Comptroller to resolve claims pertaining to a different incident that took place on October 22, 2019.  (ECF No. 32-2.)  Under the General Release, Singleton:

> "releases and forever discharges the City of New York, and all past and present officials, officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York, and all other individually named defendants and/or entities represented and/or indemnified by the City of New York, collectively the 'RELEASEES', from any and all liability, claims, or rights of action alleging a violation of civil rights and any and all claims, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings,

3

>bonds, bills, specialties, covenants, contracts, controversies, transactions, occurrences, agreements, promises, damages, variances, trespasses, extents, judgments, executions, and demands known or unknown, at law, in equity, or by administrative regulations, which RELEASOR, his/her heirs, distributees, devisees, legatees, executors, administrators, successors and assignees had, now has or hereafter can, shall, or may have, either directly or through subrogees or other third persons, against the RELEASEES for, upon or by reason of any matter, cause or thing whatsoever that occurred through the date of this RELEASE, with the sole exception of the claim filed with the Office of the Comptroller under claim number 2019PI028753, arising from the incident on 8/20/29."

It is well established that "[s]ettlement agreements are contracts and must therefore be construed according to general principles of contract law." *Mateo v. Carinha*, 799 F. Appx. 51, 53 (2d Cir. 2020) (summary order) (quoting *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002)); *see also Tromp v. City of New York*, 465 F. Appx. 50, 51 (2d Cir. 2012) (summary order). "'Where the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed.'" *Mateo*, 499 F. Appx at 53 (quoting *Wang v. Paterson*, No. 07-CV-2032 (LTS) (AJP), 2008 WL 5272736, at *4 (S.D.N.Y. Dec. 18, 2008) (internal quotation marks omitted). "Words of general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies." *Id.* at 53 (quoting *A.A. Truck Renting Corp. v. Navistar, Inc.*, 81 A.D.3d 674, 675, 916 N.Y.S.2d 194, 196 (2d Dept. 2011) (internal quotation marks omitted). "[W]hen general language is used in the releasing document, 'the release is to be construed most strongly against the releasor.'" *Consorcio Prodipe, S.A. de C.V. v. Vinci, S.A.*, 544 F. Supp. 2d 178, 189 (S.D.N.Y. 2008) (quoting *Middle E. Banking Co. v. State St. Bank Int'l*, 821 F.2d 897, 907 (2d Cir. 1987)).

The language of the General Release is plain, unambiguous, and broad. It releases the City of New York and all its employees "from any and all liability, claims, or rights of action alleging a violation of civil rights and any and all claims, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, transactions, occurrences, agreements, promises, damages, variances, trespasses, extents, judgments, executions, and demands known or unknown, at law, in equity, or by administrative regulations" arising from incidents that occurred through February 12, 2020. (ECF No. 32-2.) The General Release does not make an exception for any incident occurring on May 10, 2019, though it does include an exception for a different incident, which suggests that any exceptions would likewise have been made explicitly. Because all of the claims Singleton alleges in this action took place on or between May 10, 2019, and August 16, 2019, they are barred by the February 2020 General Release.

For the reasons stated above, upon review of the record, the Court concludes that the legal theory of Defendants' unopposed motion for summary judgment is sound. *Jackson*, 766 F.3d at 194. Defendants are therefore entitled to summary judgment.

IV.  **Conclusion**

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 31, to enter judgment in favor of Defendants, and to close this case.

SO ORDERED.

Dated: September 18, 2023
        New York, New York

_____
J. PAUL OETKEN
United States District Judge